UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office<br>555 Fourth St., N.W.<br>Washington, D.C.   20530<br><br>                              **Plaintiff,**<br><br>              v.<br><br>**$8,000.00 IN U.S. CURRENCY SEIZED ON<br>OR ABOUT MARCH 5, 2009**<br><br>                              **Defendant** | Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action *in rem* to condemn and forfeit the above-listed defendant $8,000.00 in U.S. currency seized on or about March 5, 2009 (Asset I.D. No. 09-FBI-008345) ("defendant funds"), to the use and benefit of the United States of America in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").  In support of its cause, plaintiff states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1.     This is a civil action *in rem* for the forfeiture of the defendant funds to the use and benefit of the plaintiff, the United States.  Pursuant to 18 U.S.C. § 981(a)(1)(C), property is subject to forfeiture if it is "any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting a 'specified unlawful activity' (as defined in

section 1956(c)(7) of this title), or a conspiracy to commit such offense." Bribery of public officials, in violation of 18 U.S.C. § 201(b)(1)(A) and (C), and conspiracy to commit bribery of public officials, in violation of 18 U.S.C. § 371, are 'specified unlawful activities' pursuant to 18 U.S.C. § 1956(c)(7), which incorporates 18 U.S.C. §1961(1).

2.   The defendant funds are a quantity of U.S. currency in the total amount of $8,000.00, which the Federal Bureau of Investigation ("FBI") seized on or about March 5, 2009, after the funds were provided by Garry Moody to Metropolitan Police Department Officer Michael Jewell at a Hooters Restaurant located at 825 7th Street, Northwest, Washington, DC, in order to corruptly influence Officer Jewell to terminate the pending prosecution or otherwise prevent the conviction of his brother, Larry Moody, in *United States v. Larry Moody*, 2009-CF2-003512, a case then pending in the Superior Court for the District of Columbia. The defendant funds are described as follows:

> **Eight thousand dollars and no cents ($8,000.00) in U.S. currency seized on or about March 5, 2009.**

The defendant funds were originally seized as evidence in a criminal investigation and were in the custody of the FBI. The defendant funds have been transferred to the custody of United States Marshals Service and were placed in the Seized Asset Deposit Fund in Washington, DC. After the conviction of Garry Moody and Larry Moody in *United States v. Larry Moody, et al.*, Case No. 09-cr-00326 (RWR), the ("FBI") commenced procedures for the defendant funds' forfeiture by a non-judicial, administrative process. The FBI uses Asset I.D. No. 09-FBI-008345, and Seizure No. 3920-13-F-0214, to identify the defendant funds in its records.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred" and by virtue of 28 U.S.C. § 1395(b)(1), because "a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found." In this matter, there are acts giving rise to the forfeiture that occurred in this district and the defendant funds are now, and during the pendency of this action, in the jurisdiction of this Court.

4. This civil action *in rem* for forfeiture is governed by 18 U.S.C. § 981(a)(1)(C), the Federal Rules of Civil Procedure, and the Supplemental Rules, particularly Rule G.

## STATEMENT OF FACTS

5. On or about February 12, 2009, officers of MPD were conducting an undercover operation using an observation post to detect narcotics trafficking in the 1200 block of I Street, SE, Washington, DC.

6. At approximately 6:55 p.m., Larry Moody, came out of 716 12th Street SE, and was approached by two unidentified males. Larry Moody engaged them in a brief conversation about their desire to purchase illicit narcotics. The three men walked towards a parking lot located on I Street SE. Larry Moody got into the driver's seat of a Mercury Grand Marquis that was in the lot, while the two other men waited across the street. Larry Moody obtained some

illegal substances from inside the vehicle and then got out of the vehicle.   MPD officers approached Larry Moody and he threw the keys to the Grand Marquis and one small yellow zip-lock bag containing heroin and one small clear zip-lock bag containing marijuana to the ground.   Larry Moody was arrested on the scene.

7. The Grand Marquis was registered to Larry Moody.   The vehicle was searched by police and they recovered a clear plastic bag containing 56 small pink or yellow zip-lock bags each of which contained a quantity of heroin.

8. The Drug Enforcement Administration analyzed the contents of the ziplock bags and determined that the net weight of heroin was 6.8 grams of heroin hydrochloride.

9. On or about February 13, 2009, Larry Moody was charged in the Superior Court for the District of Columbia in *United States v. Larry Moody*, Case No. 2009-CF2-003512, with Possession with Intent to Distribute Heroin.

10. Beginning on February 14, 2009, and continuing through March 9, 2009, Larry Moody and his brother, Garry Moody, engaged in a conspiracy to pay a MPD police officer to gain the dismissal of the then pending criminal case *United States v. Larry Moody*, Case No. 2009-CF2-003512.

11. On February 14, 2009, Garry Moody called First District MPD Officer Sherrie Forrester and offered Officer Forrester $5,000.00 in an attempt to corruptly influence Officer Forrester to assist in terminating the pending prosecution or otherwise prevent the conviction of Larry Moody in *United States v. Larry Moody*, Case No. 2009-CF2-003512.

12. On or about February 24, 2009, Garry Moody had a telephone conversation with Officer Forrester, in which they discussed finding another police officer who would be willing to

4

accept money in order to have the pending charges against Larry Moody dismissed from prosecution.

13. On or about February 26, 2009, Garry Moody had a telephone conversation with MPD Officer Michael Jewel, in which Garry Moody negotiated an amount of money to be paid to Officer Jewell to corruptly influence him to terminate the pending prosecution or otherwise prevent the conviction of Larry Moody in his then pending Superior Court case.

14. On or about March 2, 2009, Garry Moody had a telephone conversation with Officer Jewell in which Garry Moody and Officer Jewell made arrangements to meet to complete a payment to Officer Jewell.

15. On March 4, 2009, Larry Moody, Garry Moody, and an unidentified co-conspirator, talked with MPD Officer Jewell on the telephone, in which Larry Moody agreed to get money out of his bank account so that he and his brother could pay Officer Jewel $8,000.00 to have Larry Moody's then pending criminal case dismissed in the Superior Court for the District of Columbia.

16. On or about March 5, 2009, Larry Moody provided Garry Moody a quantity of U.S. Currency to give to Officer Jewel. Larry Moody also made arrangements to have Garry Moody go to a restaurant in the District of Columbia to pay Officer Jewell $8,000.00 for the express purpose of having the pending narcotics charges against Larry Moody dismissed from prosecution.

17. On or about March 5, 2009, at or about 12:02 p.m., in the District of Columbia and elsewhere, Garry Moody had a telephone conversation with Officer Jewell, in which Garry Moody and Officer Jewell arranged to meet at the Hooters Restaurant in Washington, DC, to pay

5

Officer Jewell United States currency to corruptly influence Officer Jewell to terminate the pending prosecution or otherwise prevent the conviction of Larry Moody in his pending Superior Court case.

18. On or about March 5, 2009, at or about 12:38 p.m., in the District of Columbia and elsewhere, Garry Moody and an unidentified co-conspirator had a telephone conversation with Officer Jewell, in which they discussed with Officer Jewell whether Officer Jewell would accept payment in the form of a cashier's check or cash, to corruptly influence Officer Jewell to terminate the pending prosecution or otherwise prevent the conviction of Larry Moody in his pending Superior Court case.

19. On March 5, 2009, at or about 12:48 p.m., in the District of Columbia and elsewhere, Garry Moody had a telephone conversation with Officer Jewell, in which Garry Moody confirmed to Officer Jewell that they would meet later that same day at Hooters Restaurant in Washington, DC, for the purpose of delivering a monetary payment to Officer Jewell to corruptly influence Officer Jewell to terminate the pending prosecution or otherwise prevent the conviction of Larry Moody in his pending Superior Court case.

20. On March 5, 2009, at or about 4:09 p.m., in the district of Columbia and elsewhere, Garry Moody had a telephone conversation with Officer Jewell, in which he informed Officer Jewell that he was traveling to meet Officer Jewell at a Hooters Restaurant in Washington, DC, for the purpose of delivering a monetary payment to Officer Jewell to corruptly influence Officer Jewell to terminate the pending prosecution or otherwise prevent the conviction of Larry Moody in his pending Superior Court case.

21. On March 5, 2009, at or about 4:58 p.m., in the District of Columbia, Garry

Moody and an unidentified co-conspirator met with Officer Jewell at a Hooters Restaurant located at 825 7th Street NW, Washington, DC.

22. On March 5, 2009, at or about 4:58 p.m., in the District of Columbia, Garry Moody and an unidentified co-conspirator, in a meeting with Officer Jewell, gave Officer Jewell $8,000 in U.S. currency to corruptly influence Officer Jewell to terminate the pending prosecution or otherwise prevent the conviction of Larry Moody in *United States v. Larry Moody*, Case No. 2009-CF2-003512, a case then pending in the Superior Court for the District of Columbia.  Those funds were turned over to the FBI and are the defendant funds herein.

23. On December 8, 2009, Larry Moody and Garry Moody were both indicted on charges of conspiracy to commit bribery of public officials, in violation of 18 U.S.C. § 371; and bribery of public officials, in violation of 18 U.S.C. § 201, 2.  In addition, Larry Moody was indicted on the additional charges of unlawful possession with intent to distribute a controlled substance in a drug free zone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860(a), and unlawful possession of a controlled substance, in violation of 21 U.S.C. § 844(a).  Garry Moody was also charged with accessory after the fact, in violation of 18 U.S.C. § 3.

24. On October 4, 2010, Larry Moody entered a plea of guilty to Count Two of the Indictment, bribery of a public official, in violation of 18 U.S.C. §§ 201 and 2, and Count Three, possession with intent to distribute heroin in a drug free zone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 860(a), in *United States v. Larry Moody*, Case No. 09-cr-326-01 (RWR), in the District Court for the District of Columbia.

25. On October 4, 2010, Garry Moody entered a plea of guilty to Count Two of the Indictment, bribery of a public official, in violation of 18 U.S.C. §§ 201 and 2, in *United States v.*

*Garry Moody*, Case No. 09-cr-326-02 (RWR), in the District Court for the District of Columbia.

26. As part of the plea agreement in their criminal case, Larry Moody and Garry Moody agreed not to contest the forfeiture of any property traceable to proceeds of their crime(s) or property used to facilitate to their crime(s).

27. Specifically, the pertinent portion of each plea agreement stated:

> [Y]our client agrees to waive [his] interest in and not to contest the administrative forfeiture of any contraband, money, and other property constituting, or derived from proceeds obtained, directly or indirectly, as the result of illegal drug trafficking, and/or property used or intended to be used to commit or to facilitate illegal drug trafficking and bribery of a public official. Your client agrees to promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or persona, that are subject to forfeiture pursuant to any federal statute.

28. On or about January 4, 2011, Larry Moody and Garry Moody were sentenced to terms of incarceration.

29. On or about August 23, 2013, the FBI, began procedures to forfeit the defendant funds to the United States government by an administrative (non-judicial) process, and the FBI gave notice of the forfeiture proceedings to Larry Moody and Garry Moody.

30. On October 1, 2013, the FBI received a claim of interest in the defendant funds from Larry Moody, signed under penalty of perjury by Larry Moody. Larry Moody's claim states in part that,

> 1) Petitioner state[s] that the currency is his property.

> 2) The currency was deposited in petitioner[']s Bank account on Feb 3, 2009, by Check in the amount of Twenty Five Thousand Dollars.
> 3) The currency was withdrawn on March 5, 2009, in the amount of Eight Thousand Dollars, leaving a balance of Thirteen Thousand, Seven Hundred, Ninety[-] Two Dollars and Seventeen Cents.
> 4) Petitioner submits that this account is his and is in his name and all fund[s] were obtained legally.

31. Upon receiving Larry Moody's claim, the FBI halted administrative forfeiture proceedings and referred the matter to the United States Attorney for the District of Columbia to commence a civil forfeiture action through the judicial process.

## COUNT ONE

32. The factual statements made in paragraphs 1 through 31 are re-alleged and incorporated by reference herein.

33. The defendant funds constituting defendant $8,000.00 in U.S. currency seized on March 5, 2009, constitute or are derived from proceeds traceable to the offenses of conspiracy to commit bribery of public officials, in violation of 18 U.S.C. § 371, and/or bribery of public officials, in violation of 18 U.S.C. §§ 201, 2.

34. By reason of the above-described facts, the defendant property funds are subject to forfeiture to the United States pursuant to the provisions of Title 18, U.S.C. § 981(a)(1)(C).

WHEREFORE, the plaintiff prays that, as to the above-referenced defendant funds, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and defendant funds be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

9

Respectfully submitted,

_____
RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
District of Columbia Bar, No. 447889

_____
ARVIND K. LAL
Assistant United States Attorney
District of Columbia Bar No. 389496
Chief, Asset Forfeiture and Money Laundering Section

_____
DIANE G. LUCAS,
Assistant United States Attorney
District of Columbia Bar No. 443610
Asset Forfeiture and Money Laundering Section
555 4th St., N.W., Room 4822
Washington, D.C. 20530
(202) 252-7724
Diane.Lucas@usdoj.gov

## VERIFICATION

I, Special Agent David Lehr, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct.

Executed on this 26th day of December, 2013.

_David A. Lehr_
David A. Lehr
Special Agent
Federal Bureau of Investigation